THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FRANK ROY, <br><br> Plaintiff, <br><br> v. <br><br> HOMESITE INSURANCE CO., <br><br> Defendant. | Civil Action No. <br> 13-5138 (RMB/KMW) <br><br><br> **MEMORANDUM ORDER** |
| FRANK ROY, <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS INSURANCE, <br><br> Defendant. | Civil Action No. <br> 13-5143 (RMB/KMW) |

**BUMB**, UNITED STATES DISTRICT JUDGE:

　　Plaintiff Frank Roy (the "Plaintiff") initiated two civil actions against two insurance companies: Homesite Insurance Co., [Civil Action No. 13-5138 - Docket No. 1] and Travelers Insurance [Civil Action No. 13-5143 - Docket No. 1], both on August 27, 2013. After screening both Complaints as required by 28 U.S.C. § 1915(e)(2), the Court directed Plaintiff to file Amended Complaints in both matters that cured certain deficiencies under Federal Rule of Civil Procedure 8(a). [13-5138 & 13-5143 - Dockets No. 2].

Although Plaintiff filed Amended Complaints in both matters on September 18, 2013, those Amended Complaints are insufficient for reasons similar to those set forth in this Court's prior Orders.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Court has reviewed Plaintiff's Amended Complaints and finds that both still fail to state a claim upon which relief may be granted.

With respect to Plaintiff's Amended Complaint against Defendant Homesite Insurance, No. 13-5138, Plaintiff's Amended Complaint alleges that Defendant, Homesite, "refused to honor the coverage policy agreement to pay for damages loss [sic]."  [Docket No. 3]. Construing Plaintiff's Amended Complaint liberally in favor of Plaintiff, see Erikson v. Pardus, 551 U.S. 89 (2007), it appears that Plaintiff is asserting a breach of contract claim against Defendant. It is unclear to this Court, however, whether it has jurisdiction over the matter as the Amended Complaint lacks a "short and plain statement of the grounds for the court's jurisdiction. . . ."  Fed. R. Civ. P. 8(a)(1).

If Plaintiff is seeking to bring this matter in front of the Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, Plaintiff must properly allege the citizenship of the

2

Defendant, Homesite.  Pursuant to § 1332, the matter in controversy must be between "citizens of different states" and the citizenship of each party must be alleged specifically (see S. Freedman & Co. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006)(holding that citizenship is to be alleged "affirmatively and distinctly")).  The Court notes that for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state where it has been incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), and the matter in controversy must exceed "the sum or value of $75,000. . . ." § 1332(a).  Moreover, while courts "generally accept a party's good faith allegation of the amount in controversy," "where . . . the court challenges the . . . allegations regarding the amount in question, the [party] who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims."  Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995)(citation omitted).

    The same reasoning applies with respect to Plaintiff's Amended Complaint against Travelers Insurance, No. 13-5143.  Pursuant to that Amended Complaint, Plaintiff alleges that he maintained an insurance policy with Travelers and that "when a loss occurred, Travelers refused to honor the coverage policy[.]"  [13-5143 – Docket No. 3].  Additional allegations in the Amended Complaint aver that an adjuster "made a derogatory comment" to Plaintiff and that an adjuster "violated the agreement to pay for damages loss."  Id.

3

Again, construing this Amended Complaint liberally, it appears that Plaintiff is asserting a breach of contract claim against Travelers Insurance. As with Plaintiff's Amended Complaint in the Homesite matter, Plaintiff has failed to properly allege the citizenship of the parties or the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

ACCORDINGLY, IT IS HEREBY on this **2nd** day of **October 2013**,

**ORDERED** that within twenty (20) days of the date of entry of this Order, Plaintiff shall file amended complaints curing the deficiencies identified above under Rule 8(a) in both Civil Action Numbers 13-5138 and 13-5143 respectively; and it is further

**ORDERED** that if Plaintiff fails to file such amended complaints within twenty (20) days of the date of entry of this Order, Plaintiff's Complaints in both above-captioned matters will be automatically dismissed by the Court for failure to state a claim upon which relief can be granted.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge